IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| MICHAEL CLARKE, | * |
| Plaintiff, | * |
| v. | * Civil No. TMD 17-105 |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | * |
| Defendant.[1] | * |

**MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Michael Clarke seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 16) and Defendant's Motion for Summary Judgment (ECF No. 19).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion for Summary

---

[1] On April 17, 2018, Nancy A. Berryhill became the Acting Commissioner of Social Security. *See* 5 U.S.C. § 3346(a)(2); *Patterson v. Berryhill*, No. 2:18-cv-00193-DWA, slip op. at 2 (W.D. Pa. June 14, 2018).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

Judgment (ECF No. 19) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

I

**Background**

On December 23, 2015, Administrative Law Judge ("ALJ") Jennifer M. Long found that Plaintiff was not disabled from April 4, 2012, through the date of her decision. R. at 7-20. In so finding, the ALJ found that Plaintiff's sleep apnea, obesity, and spine disorders were severe impairments. R. at 13. The ALJ found, however, that Plaintiff's diabetes mellitus, acute venous embolism and thrombosis of unspecified deep vessels of the lower extremity, lung disease, acute respiratory failure, acute kidney failure, and muscle weakness were not severe impairments. R. at 13. The ALJ noted, among other things, that a physical examination showed edema in both extremities and an ulcer, but other physical examinations showed normal circulation. R. at 13.

The ALJ then found that Plaintiff did not have an impairment or a combination of impairments meeting or medically equaling the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 13. The ALJ then determined that Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except lifting and carrying twenty pounds occasionally and ten pounds frequently; standing and walking four hours, sitting six hours in an eight-hour work day, alternating between sitting and standing every hour; never climbing ladders, ropes, or scaffolds, occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; and he must avoid even moderate exposure to hazards such as machinery and heights.

R. at 13. The ALJ found that Plaintiff was capable of performing his past relevant work as an auto parts counter worker. R. at 16.

On January 12, 2017, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R.

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

§§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

# III

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

**IV**

**Discussion**

Plaintiff argues that the ALJ failed to evaluate properly his impairments at step three of the sequential evaluation process. Pl.'s Mem. Supp. Mot. Summ. J. 3-5, ECF No. 16-1. Plaintiff further contends that the ALJ erroneously assessed his RFC contrary to Social Security Ruling[4] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). *Id.* at 5-12. Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of his ability to perform the physical and mental demands of work. *Id.* at 7. In particular, he contends that the ALJ erred in not finding his venous stasis dermatitis to be a severe impairment, the ALJ failed to address his impairments involving his right lower extremity, the ALJ failed to consider properly his obesity, and the ALJ did not consider the combination of his impairments. *Id.* at 8-12. For the reasons that follow, Plaintiff's contentions are unavailing.

**A.     ALJ's Step-Two Determination**

Plaintiff contends that the ALJ erred because she did not find that his venous stasis dermatitis was a severe impairment. *Id.* at 8. Plaintiff, however,

> misunderstands the purpose of step two in the analysis. Step two is merely a threshold determination meant to screen out weak claims. It is not meant to identify the impairments that should be taken into account when determining the RFC. In fact, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" The RFC therefore *should* be exactly the same regardless of whether certain impairments are considered "severe" or not.

---

[4] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

*Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (alteration in original) (citations omitted). "Moreover, step two was decided in [Plaintiff's] favor . . . . He could not possibly have been prejudiced. Any alleged error is therefore harmless and cannot be the basis for a remand." *Id.* at 1049 (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)); *accord Smith v. Colvin*, 821 F.3d 1264, 1266-67 (10th Cir. 2016); *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) (per curiam). Plaintiff's contention that the ALJ erred at step two by failing to determine that his venous stasis dermatitis was a severe impairment thus is unavailing.

B.  **ALJ's Step-Three Determination**

Plaintiff then maintains that, in finding at step three that his impairments did not meet or medically equal an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1, the ALJ erred in not finding that his stasis dermatitis met the requirements of Listing 4.11 found in 20 C.F.R. pt. 404, subpt. P, app. 1 § 4.11. "The Social Security Administration has promulgated regulations containing 'listings of physical and mental impairments which, if met, are conclusive on the issue of disability.' A claimant is entitled to a conclusive presumption that he is impaired if he can show that his condition 'meets or equals the listed impairments.'" *Radford*, 734 F.3d at 291 (citation omitted); *see* 20 C.F.R. pt. 404, subpt. P, app. 1. "[A]n ALJ only has to identify a listing and compare the evidence to the listing requirements where there is ample evidence to suggest that the listing is met." *Sterrette v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-1850, 2016 WL 953225, at *2 (D. Md. Mar. 11, 2016) (citing cases).

Listing 4.11 provides the following:

Chronic venous insufficiency of a lower extremity with incompetency or obstruction of the deep venous system and one of the following:

A. Extensive brawny edema (see 4.00G3) involving at least two-thirds of the leg between the ankle and knee or the distal one-third of the lower extremity between the ankle and hip.

OR

B. Superficial varicosities, stasis dermatitis, and either recurrent ulceration or persistent ulceration that has not healed following at least 3 months of prescribed treatment.

20 C.F.R. pt. 404, subpt. P, app. 1 § 4.11.

As the Commissioner points out, Plaintiff points to no evidence of "chronic venous insufficiency of a lower extremity with incompetency or obstruction of the deep venous system." Def.'s Mem. Supp. Mot. Summ. J. 5, ECF No. 19-1. Further, at step two, the ALJ found evidence of normal circulation (R. at 13), militating against a finding of incompetency or obstruction of the deep venous system. "[A]n ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). Absent ample evidence suggesting that Listing 4.11 is met, Plaintiff's argument in this regard is unavailing, and substantial evidence supports the ALJ's finding at step three of the sequential evaluation process.

## C. ALJ's RFC Assessment

SSR 96-8p explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

Here, Plaintiff contends that the ALJ failed to address his impairments involving his right lower extremity. Pl.'s Mem. Supp. Mot. Summ. J. 8, ECF No. 16-1. However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision." *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)). "The Commissioner, through the ALJ and Appeals Council, stated that the whole record was considered, and, absent evidence to the contrary, we take her at her word." *Id.* In any event, Plaintiff "has failed to point to *any* specific piece of

evidence not considered by the Commissioner that might have changed the outcome of his disability claim." *Id.*; *see* Def.'s Mem. Supp. Mot. Summ. J. 8-9, ECF No. 19-1 (explaining why any error in ALJ's consideration of Plaintiff's foot impairments was harmless). Plaintiff's contention in this regard also is unavailing.

Plaintiff finally maintains that the ALJ failed to consider properly his obesity past step three of the sequential evaluation process. Pl.'s Mem. Supp. Mot. Summ. J. 8-12, ECF No. 16-1. As the Commissioner notes, however, the ALJ stated that the RFC "has been assessed based on all the evidence with consideration of the limitations and restrictions imposed by the combined effects of all [Plaintiff's] medically determinable impairments as required by SSR 96-8p." R. at 14. The ALJ also acknowledged SSR 02-1p when she considered Plaintiff's obesity. R. at 13. Thus, Plaintiff's argument that the ALJ failed to consider his severe impairment of obesity in combination with his other impairments is without merit. *See, e.g.*, *Reid*, 769 F.3d at 865-66.

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards here. Thus, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

## V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 19) is **GRANTED**. Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**. The Commissioner's final decision is **AFFIRMED**. A separate order will issue.

Date: September 26, 2018                                         /s/
                                                          Thomas M. DiGirolamo
                                                          United States Magistrate Judge